## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 30 2020, 9:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Daniel Cornett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 30, 2020

Court of Appeals Case No.
20A-CR-1097

Appeal from the Bartholomew Superior Court

The Honorable James D. Worton, Judge

Trial Court Cause Nos.
03D01-1905-F6-2952
03D01-1911-F6-6314

**Brown, Judge.**

[1] Daniel Cornett appeals his sentence for two counts of unlawful possession of a syringe as level 6 felonies and asserts his sentence is inappropriate. We affirm.

*Facts and Procedural History*

[2] On May 15, 2019, Cornett possessed a hypodermic syringe and intended to use it to unlawfully use a controlled substance. On May 23, 2019, the State charged him under cause number 03D01-1905-F6-2952 ("Cause No. 2952") with unlawful possession of a syringe as a level 6 felony and possession of paraphernalia as a class C misdemeanor. On June 28, 2019, the court ordered that Cornett be released on his own recognizance and report immediately to Pretrial Services for a substance abuse evaluation. On October 14, 2019, the court entered an order finding Cornett failed to appear for a change of plea hearing and ordered that a warrant be issued for his arrest.

[3] On October 30, 2019, Cornett possessed a hypodermic syringe and intended to use it to unlawfully use a controlled substance. On November 1, 2019, the State charged him under cause number 03D01-1911-F6-6314 ("Cause No. 6314") with theft as a level 6 felony, unlawful possession of a syringe as a level 6 felony, and false informing as a class B misdemeanor.

[4] On March 23, 2020, Cornett pled guilty to unlawful possession of a syringe as a level 6 felony under Cause No. 2952 and unlawful possession of a syringe as a level 6 felony under Cause No. 6314, and the State agreed to dismiss the remaining counts.

[5] At the sentencing hearing, Cornett stated in part:

> I'm tired and just . . . tired and just tired of this. I'm almost thirty years old, I spent all my (inaudible) in prison I'm over it, I can't do this anymore. I am anxious to get help. I mean I am not trying to give the Court no excuses or anything like that, but I am being one hundred percent honest with you. I'm tired of being here, so I'm, I'm ready to get, get it and move on with my life man.

Transcript Volume II at 19.

[6] The court found Cornett's history of criminal behavior, his previous placement on probation and petitions to revoke probation, and the fact he had an opportunity for treatment outside of a penal facility and had been unsuccessful as aggravating circumstances. The court found no mitigating circumstances and sentenced Cornett to consecutive sentences of two years for each count. The court recommended the Purposeful Incarceration program, and stated that it would consider a modification if he completed the program. In its written sentencing order, the court recommended to the Department of Correction that Cornett be placed in a clinically appropriate substance abuse treatment program and that it would consider a modification of the sentence after successful completion of such program.

## *Discussion*

[7] Cornett argues that he is tired of the kind of life he has lived, is highly motivated to succeed in treatment, and took responsibility for his actions. He asserts that it is likely he will not have an opportunity to participate in treatment

while incarcerated. He phrases his single issue as whether his sentence is inappropriate in light of the nature of his offenses and character. However, he conflates two separate sentencing standards: whether the trial court abused its discretion in identifying mitigating factors and whether his sentence is inappropriate pursuant to Ind. Appellate Rule 7. "As our Supreme Court has made clear, inappropriate sentence and abuse of discretion claims are to be analyzed separately." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). Accordingly, "an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant." *Id.* To the extent Cornett conflates these two standards, we find he waives his argument.

[8] Waiver notwithstanding, Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] Ind. Code § 35-50-2-7 provides that a person who commits a level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with the advisory sentence being one year.

[10] Our review of the nature of the offenses reveals that Cornett possessed a hypodermic syringe and intended to use it to unlawfully use a controlled substance on May 15, 2019. After he was charged under Cause No. 2952 and failed to appear for a hearing and after an arrest warrant had been issued, Cornett again possessed a hypodermic syringe and intended to use it to unlawfully use a controlled substance on October 30, 2019.

[11] Our review of the character of the offender reveals that Cornett, who was born in June 1990, pled guilty to two counts of unlawful possession of a syringe as level 6 felonies, and the State dismissed counts of possession of paraphernalia as a class C misdemeanor, theft as a level 6 felony, and false informing as a class B misdemeanor. Cornett admitted that his drug of choice was heroin and he began using in 2015. As a juvenile, Cornett was alleged to have committed possession of marijuana and truancy in 2006, for which the presentence investigation report ("PSI") has an unknown disposition. He was also alleged to have committed illegal consumption in 2008 and was "[w]arned and released." Appellant's Appendix Volume II at 63. As an adult, he has convictions for illegal consumption as a class C misdemeanor in 2010, failure to stop after an accident as a class B misdemeanor and theft as a class D felony in 2012, possession of a controlled substance as a class D felony in 2013, and three counts of forgery as level 6 felonies in 2016. Cornett admitted to never successfully completing probation as an adult, and the PSI indicates his probation was terminated unsuccessfully in 2012 and 2014. He admitted that the court recommended Purposeful Incarceration when it last revoked his

probation but he did not complete the program because he had an argument with a cellmate and was expelled. When asked why he did not go to treatment in April 2019 upon his release, he answered that he was not ready and was "still getting high." Transcript Volume II at 23.

[12] After due consideration, we conclude that Cornett has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offenses and his character.[1]

[13] For the foregoing reasons, we affirm Cornett's sentence.

[14] Affirmed.

Robb, J., and Crone, J., concur.

---

[1] To the extent Cornett argues the court abused its discretion in failing to find his guilty plea and remorse as mitigators, we need not address this issue because we find that his sentence is not inappropriate. *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting that any error in failing to consider the defendant's guilty plea as a mitigating factor is harmless if the sentence is not inappropriate).